# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA KEYS and CHARLES KEYS,<br><br>Plaintiffs,<br><br>vs.<br><br>WYETH, INC. and WYETH PHARMACEUTICALS, INC.,<br><br>Defendants. | No. C08-1023<br><br>ORDER FOR REINSTATEMENT |

This matter comes before the Court on the Motion to Reconsider and Request for Transfer to MDL (docket number 8) filed by the Plaintiffs on March 26, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. ISSUE PRESENTED

On March 10, 2009, the Clerk of Court entered an Order and Judgment, dismissing this action without prejudice. *See* docket numbers 6 and 7. In their instant motion, Plaintiffs request that the Court "reconsider the dismissal of this case and transfer the case into the multidistrict litigation."

## II. RELEVANT FACTS AND PROCEEDINGS

On July 31, 2008, Plaintiffs Patricia Keys and Charles Keys filed a Complaint (docket number 1), seeking compensatory and punitive damages from Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. According to the complaint, "[t]his is an action

brought because Defendant sold Plaintiff, Patricia Keys, Premarin, which caused her breast cancer."[1]

The docket does not reflect any further action in the case until February 23, 2009, when the Clerk of Court filed a Notice of Dismissal (docket number 3). The notice advised Plaintiffs that "[t]his action is dismissed pursuant to Local Rule 41, a copy of which is attached, unless some action is taken by no later than March 9, 2009."[2]

According to an Affidavit of Service, Plaintiffs caused Defendants to be personally served with the summons and a copy of the complaint on March 9, 2009 at 11:20 a.m. The Affidavit of Service was filed with the Clerk of Court on March 9 at 12:15 p.m. *See* docket number 4. At 11:42 a.m. on March 10, Plaintiffs again filed the Affidavit of Service, with copies of the summons and complaint attached. *See* docket number 5.

At 2:23 p.m. on March 10, the Clerk of Court filed an Order and Judgment dismissing the case without prejudice. *See* docket numbers 6 and 7.

On March 26, 2009, Plaintiffs filed the instant motion to "reconsider."

### III. DISCUSSION

#### A. Applicable Legal Standard

Preliminarily, the Court notes that Plaintiffs' nonchalant approach to their motion to reconsider would appear to mirror their approach to ensuring timely service on Defendants. Despite the mandate of Local Rule 7.d, the motion is not supported by a brief.[3] Furthermore, the motion to reconsider itself does not cite any rule, case, or other authority to support the relief requested.

---

[1] *See* Civil Complaint and Jury Trial Demand, ¶ 1 at 1 (docket number 1 at 1).

[2] *See* Notice of Dismissal (docket number 3).

[3] "For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." *See* Local Rule 7.d.

2

The FEDERAL RULES OF CIVIL PROCEDURE do not include a "motion to reconsider." Typically, however, motions for reconsideration are construed either as a Rule 59(e) motion to alter or amend the judgment, or as a Rule 60(b) motion for relief from judgment. *Auto Services Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). Here, Plaintiffs leave it to the Court to speculate regarding the rule upon which they rely. *Sanders v. Clemco Ind.*, 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . ."). The Court notes, however, that a Rule 59(e) motion would be untimely. The Clerk's order and judgment for dismissal were filed on March 10, 2009. Plaintiffs' motion to reconsider was not filed until March 26, some 16 days later.[4]

Accordingly, Plaintiffs' motion must be analyzed as a motion for relief pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b). Once again, Plaintiffs leave it to the Court to speculate regarding which of the six enumerated alternatives found in Rule 60(b) they believe is applicable. Apparently, however, they claim "mistake, inadvertence, surprise, or excusable neglect." *See* Rule 60(b)(1). In their motion, Plaintiffs assert that they "mistakenly presumed" that the case had been transferred to the Eastern District of Arkansas, and that the case was not transferred "through inadvertence."[5] Plaintiffs do not provide any details, however, to support their assertions.

---

[4] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). While weekends and holidays are excluded in computing the deadline, FED. R. CIV. P. 6(a)(2), the additional 3 days provided in Rule 6(d) are inapplicable to a Rule 59(e) motion. *Arnold v. Wood*, 238 F.3d 992, 995 at n.2 (8th Cir. 2001) ("We may not extend Arnold's filing time by three days for mail service, *See* FED. R. CIV. P. 6(e) (now 6(d)), because the ten-day filing period prescribed in Rule 59(e) runs from the entry of judgment, rather than its service upon the parties."). Accordingly, the deadline for filing a Rule 59(e) motion in this case was March 24.

[5] *See* Motion to Reconsider, ¶¶ 3 and 4 at 1 (docket number 8 at 1).

3

## B. Compliance With Local Rule 41

The FEDERAL RULES OF CIVIL PROCEDURE require a plaintiff to serve a defendant within 120 days after the complaint is filed. If service is not perfected within that time frame, then the Court must dismiss the action without prejudice after giving notice to the plaintiff.

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

The complaint in this case was filed on July 31, 2008. Accordingly, Plaintiffs were required to perfect service on Defendants not later than November 28, 2008. They failed to do so. Therefore, the action was subject to dismissal following that date, pursuant to Rule 4(m), after giving notice to Plaintiffs.

Local Rule 41.b addresses the involuntary dismissal of civil actions by the clerk of court in four circumstances. The first enumerated circumstance addresses a case where the defendant has not been served within 120 days.

> After giving the parties the notice prescribed in section "d" of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:
>
> > 1. Where service has not been made on any defendant within 120 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 127 days after the filing of the complaint setting forth good cause for why service has not been made; . . .

Local Rule 41.b.1.

4

Plaintiffs did not serve Defendants within 120 days, nor did Plaintiffs file a statement within 127 days providing good cause for their noncompliance. Therefore, the case was subject to dismissal without prejudice by the Clerk of Court, after giving appropriate notice to Plaintiffs.

On February 23, 2009, some 207 days after the filing of the complaint, the Clerk of Court gave Plaintiffs notice that the case "is dismissed . . . unless some action is taken by or no later than March 9, 2009." The Clerk's notice gave Plaintiffs the appropriate 14-day notice required by Local Rule 41.d.

Plaintiffs took "some action" on March 9, 2009, the deadline established by the Clerk of Court. Specifically, Defendants were served on that date. Within an hour after perfecting service, an affidavit was filed with the Clerk of Court, showing proof of service. Apparently out of an abundance of caution, Plaintiffs filed the affidavit of service again on March 10, with copies of the summons and complaint attached. Nonetheless, the Clerk of Court dismissed the action later in the day on March 10.

Apparently, the case was dismissed by the Clerk of Court because while Plaintiffs served Defendants by the deadline established by the Clerk, they failed to "file a statement in writing . . . setting forth good cause for why service" was not made timely. The Court concludes, however, that this reading of Rule 41.b.1 is overly restrictive. Local Rule 41.b.1 authorizes the Clerk of Court to give notice to a party regarding dismissal if (1) service is not made within 120 days, and (2) the plaintiff has not filed a statement setting forth good cause why service has not been made. Both triggers were met in this case and the Clerk of Court properly provided notice pursuant to Rule 41.d. In his notice, however, the Clerk of Court simply advised Plaintiffs that "some action" must be taken by March 9. While reference was made to Local Rule 41 (and a copy of the Rule was helpfully attached), the notice did not specifically indicate that Plaintiffs were required to *both* serve Defendants by the deadline *and* provide a statement to the Court.

In fact, the Rule does not require such a statement under these circumstances. Rule 41.b.1 authorizes the Clerk of Court to send a notice of dismissal if a plaintiff has not served the defendant within 120 days *and* has not filed a statement within 127 days setting forth good cause why service has not been made. In other words, notice will *not* be sent pursuant to the Rule if the defendant has been served within 120 days *or* the plaintiff has filed a statement providing good cause why service "has not been made." In this case, Plaintiffs had done neither and the Clerk of Court properly sent out the dismissal notice. After Plaintiffs perfected service on March 9, however, they could not provide a statement regarding good cause why service "has not been made," because service had, in fact, been perfected. The Clerk of Court's reading would change Rule 41.b.1 to require an after-the-fact statement why service "was not made timely."

The two prongs of Rule 41.b.1 address the conditions under which the Clerk of Court will send notice, but do not govern the actions which a plaintiff is required to take to avoid dismissal. For example, rather than serving the defendant by the deadline (and filing a statement regarding why service was not timely made, as suggested by the Clerk of Court), a party could file a motion requesting an extension of the time for service, showing good cause for the plaintiff's failure to timely serve the defendant, and asserting that it failed to file the motion to extend prior to the deadline because of excusable neglect. *See* FED. R. CIV. P. 4(m) and 6(b)(1)(B).

Here, Plaintiffs took "some action" by March 9, as directed by the Clerk of Court in his notice of dismissal. The Court concludes that service on Defendants by that date complied with the requirements of Local Rule 41.b.1. Since proof of service was filed with the Clerk, the Court concludes that the dismissal on March 10 was in error.[6] Plaintiffs are entitled to relief from the mistaken entry of judgment for dismissal by the

---

[6] The Court's ruling is limited to the issue of whether Plaintiffs complied with the Clerk's notice of dismissal and Local Rule 41.b.1. The Court makes no judgment regarding the merits of any motion to dismiss which may be filed by Defendants, alleging Plaintiffs' failure to have them timely served.

6

Clerk of Court. *Knox v. Lichtenstein*, 654 F.2d 19, 22 (8th Cir. 1981) ("the terms 'mistake, inadvertence or excusable neglect' as used in Rule 60(b) encompass judicial error or omission."). Furthermore, Plaintiffs are entitled to relief under Rule 60(b)(6), authorizing the Court to relieve a party from a final judgment "for any other reason that justifies relief."[7] Accordingly, the Court concludes the Clerk's dismissal should be set aside, and this action should proceed in its normal course.

Defendants were served with a summons and a copy of the complaint on March 9. Since the action was dismissed by the Clerk of Court on the following day, however, Defendants have not filed any answer or other responsive pleading. At this point, it is unknown to the Court who will be representing Defendants, and they have understandably not filed an appearance in this case. However, Defendants are now entitled to notice that the case has been reinstated. Accordingly, the Court finds that Plaintiffs should be required to have Defendants personally served with a copy of this Order for Reinstatement. Service shall be perfected within seven days following the entry of this Order. Defendants will then have 20 days following service in which to file an answer or other responsive pleading. The Court concludes that a deadline should also be established for submission of a proposed scheduling order and discovery plan pursuant to Local Rule 16.

Plaintiffs also request that the Court transfer this case to Multidistrict Litigation which is apparently pending in the United States District Court for the Eastern District of Arkansas. Again, no brief or other authority is provided by Plaintiffs to support their request. This time, the Court concludes that it will not do Plaintiffs' research for them and the request will be denied without prejudice.

---

[7] Since the Court has concluded that the Clerk of Court erred by ordering dismissal on March 10, it is unnecessary to determine at this time whether Plaintiffs' failure to timely serve Defendants resulted from their mistake or inadvertence, as alleged in their instant motion.

7

## IV. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Reconsider (docket number 8) filed by Plaintiffs on March 26, 2009 is hereby **GRANTED**. The dismissal entered by the Clerk of Court on March 10, 2009 is hereby **SET ASIDE** and this case is hereby **REINSTATED** for further appropriate action.

2. Not later than seven (7) days following the filing of this Order, Plaintiffs shall cause Defendants to be personally served with a copy of this Order for Reinstatement.

3. Defendants shall have twenty (20) days following service in which to file an answer or other responsive pleading.

4. Not later than June 15, 2009, the parties shall submit a proposed scheduling order and discovery plan pursuant to Local Rule 16.

5. The Request for Transfer to MDL (docket number 8) is hereby **DENIED** without prejudice.

DATED this 14th day of April, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA